DECKER v. BARNES.

BEHRENDS v. SAME.

(First Division.  Juneau.  March 17, 1910.)

No. 770A, Consolidated.

ATTACHMENT (§ 182*)—INJUNCTION—JUDGMENTS.

> Two judgments were obtained by Decker and Behrends in justice court against defendant Barnes in May. They were docketed in the district court and became a lien upon Barnes' real property.  Thereafter plaintiff Decker brought another action against Barnes on a note and attached the same real property. Subsequently the marshal sold the real property on executions on the two justice's judgments, and the property was purchased by the plaintiff Decker. After paying the two justice's judgments, there was a surplus of $1,350.20 in the registry of the court.  Barnes demanded the surplus, and this suit was brought to restrain him and an assignee from securing it.  *Held* that, where a greater amount was bid and paid than was necessary to satisfy the two justice's judgments, the surplus amount would in equity stand in the place of the property sold, and be subject to the attachment lien; restraining order issued.

> [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 577–580; Dec. Dig. § 182.*]

This matter has been submitted to the court by both sides upon plaintiff's motion for judgment upon the pleadings.

The complaint herein alleges that in May, 1909, two judgments were recovered against E. M. Barnes in the justice's court, one in J. P. T. No. 20 for $115.32 and one in J. P. T. No. 21 for $454.65; that they were docketed in this court, becoming liens on certain real property of the defendant, E. M. Barnes; that executions were issued thereon; that thereafter, on June 2, 1909, in cause No. 720A, an attachment was issued and levied upon said real property to secure the payment to Elizabeth Decker of $1,350.20; that said attachment lien was subject to the liens of the before-mentioned executions; that thereafter, on July 3, 1909, the marshal of this court under said executions sold said premises to the plaintiff, Elizabeth Decker, for $2,000; that after satisfying such judgments there remained in the marshal's hands $1,350.20; that

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

the plaintiff, Elizabeth Decker, has an attachment lien thereon in cause No. 720A to answer any judgment she may obtain therein; that the defendant, E. M. Barnes, is seeking to have the said $1,350.20, which has been paid into the registry of the court by the marshal, paid to him, thereby defeating plaintiff's lien. Plaintiff further alleges the insolvency of the said E. M. Barnes. Plaintiff prays that such money remain in the registry of the court pending the termination of cause No. 720A, and prays further an injunction to restrain the defendant, E. M. Barnes, and all persons claiming under him, from interfering in any way with said money, and that the said money be decreed subject to said attachment lien and paid in satisfaction of any judgment plaintiff may recover in said cause No. 720A and for general equitable relief.

The defendant, E. M. Barnes, by his amended answer to the amended complaint, admits the recovery of the judgments, their docketing, and the issuance of execution thereon as alleged. Defendant further admits the suing out and levy of the writ of attachment in cause No. 720A, and alleges that the executions were not levied until the day following the levy of the attachment. Defendant further admits the sale of said premises under the executions for $2,000 to the plaintiff, Elizabeth Decker, and her payment of that amount, but denies that the sale passed full title, and alleges that the premises remained subject to the attachment lien. Defendant further admits that the surplus of $1,530.20 remains after satisfying such judgments, and the same has been paid by the marshal to the clerk of this court, but denies that the same is subject to the attachment lien or otherwise subject to the control of the court, save to pay the same over to the defendant, E. M. Barnes. Defendant, Barnes, alleges that by the levy of said writ of attachment on the 2d day of June, 1909, the plaintiff, Elizabeth Decker, obtained a lien upon the property, subject to the existing lien created by the judgments upon which said executions were issued, for any judgment she might obtain in said cause wherein said attachment had been sued out; that said attachment lien still continues to exist; that, should plaintiff recover judgment in said cause, the same may

be satisfied by the sale of said real property. The defendant further admits that he has demanded and sought to obtain as alleged the $1,350.20 surplus held in the registry of the court, and still seeks to obtain the same; that he has assigned said money to his attorney, G. C. Israel, who appears for him in his amended answer, seeking to litigate and settle all rights therein without any change in the parties to this litigation. The defendant denies his insolvency.

J. F. Malony, of Juneau, for plaintiffs.

E. M. Barnes, of Los Angeles, Cal., in pro. per.

CUSHMAN, District Judge. The record in this cause shows that the judgments obtained in the commissioner's court J. P. T. No. 20 and J. P. T. No. 21 were docketed in the district court on the 17th day of May, 1909.

Section 981, pt. 4, Carter's Annotated Alaska Codes, provides:

"Whenever a judgment is given in a justice's court, in favor of any one, for the sum of ten dollars or more, exclusive of costs or disbursements, the party in whose favor such judgment is given may, within one year thereafter, file a certified transcript thereof with the clerk of the district court, and thereupon such clerk shall immediately docket the same in the judgment docket of the district court."

Section 982, Id., provides:

"From the time of docketing a judgment of (in) a district court, as provided in the last section, the same shall be a lien upon the real property of the defendant, as if it were a judgment of the district court wherein it is docketed."

Section 260, Id., provides:

"Immediately after the entry of judgment in any action the clerk shall docket the same in the judgment docket. * * * From the date of docketing a judgment as in this chapter provided, or the transcript thereof, such judgment shall be a lien upon all the real property of the defendant within the recording district or districts where the same is docketed, or which he may afterwards acquire therein, during the time an execution may issue thereon."

Section 262, Id., provides:

"A conveyance of real property or any portion thereof or interest therein shall be void against the lien of a judgment unless such con-

veyance be recorded at the time of docketing such judgment or the transcript thereof, as the case may be."

## Section 135, Id., provides:

"The plaintiff, at the time of issuing the summons, or at any time afterwards, may have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered."

## Section 147, Id., provides:

"If judgment be recovered by the plaintiff, and it shall appear that the property has been attached in the action and has not been sold as perishable property or discharged from the attachment as provided by law, the court shall order and adjudge the property to be sold to satisfy the plaintiff's demands, and if execution issue thereon, the marshal shall apply the property attached by him, or the proceeds thereof, upon the execution, and if there be any such property or proceeds remaining after satisfying such execution, he shall, upon demand, deliver the same to the defendant."

It is clear that, upon the docketing in the district court of the judgments above mentioned, they became a lien upon the real property of the defendant, afterwards sold. These judgment liens were prior and superior to the lien of the subsequent attachment sued out of the district court, although the levy of the attachment might be prior to the levy of the executions upon the judgments. The liens of the judgment being prior and paramount liens, the holder of these judgments had a right to sell, in satisfying them, the entire title in this property, which would necessarily wipe out the lien of the subsequent attachment. If a greater amount was bid and paid than was necessary to satisfy the judgments, the surplus amount would in equity stand in the place of the property sold, and the surplus money remaining, into which the property had been converted, would be subject to this attachment lien; this notwithstanding the fact that the remedy of an attachment is a creature of the statute. 3 Am. & Eng. Enc. of Law (2d Ed.) 228; 7 Am. & Eng. Enc. of Law (2d Ed.) 477; 25 Id. 816 et seq.; 21 Enc. of Pldg. & Prac. 221.

In 720A the plaintiff, Elizabeth Decker, seeks to recover from the defendant, E. M. Barnes, upon a promissory note dated April 1, 1906, the sum of $850, with interest at the rate of one per cent. per month from May 1, 1906, and an at-

torney's fee of $100. The defendant by his amended answer puts in issue only the reasonableness of the attorney's fee of $100. I find that $50 would be a reasonable attorney's fee in cause No. 720A. This cause having been submitted upon the pleadings to the court, judgment will be awarded plaintiff for the face of said note, interest, and the attorney's fee indicated.

The defendant, E. M. Barnes, G. C. Israel, and all persons claiming through or under said E. M. Barnes are restrained from seeking to obtain or recover said $1,350.20 in the registry of the court, and the same will be applied upon and in satisfaction of the judgment to be rendered in 720A.